IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) JOEL MORENO-ESPADA<br>a/k/a JOEL, (Counts One and Two)<br>2) JOSE RAFAEL VELAZQUEZ-LOPEZ,<br>a/k/a Bebe (Counts One and Two)<br>3) ITHIER RIVERA-SANTIAGO,<br>a/k/a Ithier (Counts One, Two and Three)<br>4) JOSE RAFAEL ORTIZ-MELENDEZ<br>5) JOSE A. RIVERA-SANTIAGO<br>a/k/a Pelón (Counts One and Two)<br>6) HECTOR LOPEZ-FLORES<br>7) LUIS DANIEL MELENDEZ-SANCHEZ<br>a/k/a Corito (Counts One, Two and Three)<br>8) MIGUEL A. LOPEZ-PAGAN<br>a/k/a Macho<br>(Counts One, Two and Three)<br>9) OMAR MORENO-ESPADA<br>a/k/a Omar (Counts One and Two)<br>10) RAMON L. MARTINEZ-RODRIGUEZ<br>a/k/a Negro, a/k/a Spiderman<br>(Counts One and Two)<br>11) JOSE RIVERA-GONZALEZ<br>a/k/a Gil (Count One)<br>12) JOSE E. RIVERA-GONZALEZ<br>a/k/a Geño (Count One)<br>13) CARLOS JOSE CRUZ-FRANCO<br>14) SONIA ESPADA-MALAVEZ<br>a/k/a Coja (Count One)<br>15) LIZETTE RIVERA-ESPADA<br>a/k/a Pelota (Count One)<br>16) YARITZA I. FRANCESCHI-MALAVE<br>(Count One)<br>Defendants | CRIMINAL 05-0383CCC |

**O R D E R**

Before the Court is a Second Motion to Dismiss on Speedy Trial Grounds filed by defendant Joel Moreno-Espada on April 29, 2008 (**docket entry 659**) invoking a presumption of prejudice due to a delay spanning in excess of one year of the trial date. In its March 13, 2008 Order (docket entry 644) severing the trial of movant and of the remaining five defendants at that time from the case of José E. Rivera-González, the Court mentioned that since the filing of the Indictment on November 9, 2005 against sixteen defendants on drug and weapons charges, the case had been set for trial seven times, the last being, at that moment, December 7, 2007. The case was rescheduled for May 7, 2008. The severance matter was raised by the Court on its own initiative since the status of

defendant José E. Rivera-González who was undergoing a mental competency evaluation could result in a withdrawal of his plea of guilty and eventually another trial setting. Given the pendency of the mental competency proceeding of this defendant, in order to avoid any prejudicial delay affecting the remaining defendants, severance was ordered.

A review of the filings relevant to defendant's speedy trial violation claim reflects that Mr. Moreno-Espada requested a continuance of the first trial setting of January 30, 2006, just five days before the trial date in order to respond to a plea offer by the government. The Court granted until February 22, 2006 to conclude plea negotiations and set the trial for March 29, 2006 (docket entry 111). Movant, then represented by attorney Victor Miranda-Corrada, sought an extension until February 27, 2006 to conclude plea negotiations (docket entry 125) and again until March 15, 2006 to finalize a plea agreement (docket entry 128). On March 14, 2006, Mr. Moreno-Espada jointly with co-defendant Vélazquez-López requested yet another extension, beyond the March 29, 2006 trial date and until April 5, 2006 to reach a plea agreement (docket entry 135). Contemporaneously, several change of plea motions were filed by other defendants and referred to the U.S. Magistrate-Judge.

On March 21, 2006, attorney Miranda-Corrada informed the Court of a possible conflict regarding his representation of Mr. Moreno-Espada (docket entry 140), followed by docket entry 198 filed on May 19, 2008 informing the status of defendant's legal representation which were resolved by an Order dated May 31, 2006 (docket entry 204) relieving defense counsel due to a serious conflict of interest, ordering the designation of a new CJA attorney for Mr. Moreno-Espada, and extending plea negotiations for a period of thirty (30) days after counsel's appearance and filing of change of plea motions fifteen (15) days thereafter. Mr. Zeno was designated CJA counsel for defendant Moreno-Espada on May 31, 2006 (docket entry 206) and notified his appearance on that same date (docket entry 209). On July 17, 2006, defendant Moreno-Espada filed and was granted his fifth motion for extension of time to complete plea negotiations, requesting until August 17, 2006 (docket entry 234). This was approximately more than one month after expiration of the forty-five day extension granted on May 31, 2006. The July 20, 2006 trial date had already been vacated due to the designation of new counsel for Mr. Moreno-Espada as well as for co-defendant Meléndez-Sánchez. A new deadline to conclude plea negotiations was set for August 14, 2006 and for filing of change of plea motions for August 25, 2006. Trial was rescheduled for October 11, 2006 (docket entry 239).

Several excludable delays resulted from three motions to suppress and a sealed motion, all of which required evidentiary hearings, filed by other co-defendants. These motions compelled the continuance of two trial settings in October 2006 and February 2007.

Mr. Moreno-Espada joined a motion in limine on May 3, 2007 (docket entry 431) and one month later, on June 11, 2007, he asked the Court that the trial not be scheduled until attorney Zeno had concluded the period of his suspension (docket entry 438).  Since Mr. Moreno-Espada was an indigent defendant and Mr. Zeno had been eliminated from the CJA panel as part of the disciplinary action, on June 20, 2007 substitute counsel under the CJA was appointed (docket entry 443).  On July 10, 2007, said substitute counsel, Mr. Héctor Deliz, filed an Informative Motion (docket entry 456) informing the Court of the difficulties he was confronting since Mr. Moreno-Espada insisted that Mr. Zeno represent him, would not allow Mr. Deliz to interview him and Mr. Zeno had not provided him with the file or the discovery.  One month after Mr. Deliz's designation, defendant Moreno-Espada asked for the reinstatement of Mr. Zeno as his attorney (docket entry 470).  That motion was denied.  Mr. Zeno's suspension continued until September 2007 and his name had been stricken from the CJA register until September 17, 2008.  As of September 12, 2007, Mr. Deliz was reporting to the Court that he had not received the case file or discovery from Mr. Zeno (docket entry 515) despite the latter's representation that he had mailed them to the Clerk.  Since the Clerk of Court had not received these materials, Mr. Zeno was ordered to personally deliver them by September 26, 2007 (docket entry 520).  In compliance with this Order, Moreno-Espada, represented by Mr. Zeno, filed a motion informing that counsel had sent the case materials by Priority Mail to the Clerk's Office.

During the period before Mr. Zeno's second Notice of Appearance filed on November 21, 2007 (docket entry 557), there were several change of plea motions filed by other defendants which led to the rescheduling of the December 7, 2007 trial date.  Shortly thereafter, a mental competency evaluation was ordered as to defendant José E. Rivera-González.  Mr. Moreno-Espada filed a petition for writ of mandamus before the Court of Appeals for the First Circuit addressing the denial of his first Motion for Disqualification of the undersigned (see docket entry 598).  On February 7, 2008, the Court entered an order addressed to Moreno-Espada and the other five remaining defendants to state by February 29, 2008 the reasons, if any, why the Court should not sever their case from that of defendant Jose E. Rivera-Gonzalez who was involved in a proceeding to determine his mental competency to stand trial (docket entry 631).  On March 3, 2008, after receiving responses from Moreno-Espada and two other defendants, a severance order was entered (docket entry 644) and the case, so severed, was set for May 7, 2008.  Of the six remaining defendants, three filed motions for change of plea on April 29, 2008 (docket entries 660 & 661) and May 4, 2008 (docket entry 665).

CRIMINAL 05-0383CCC                              4

Mr. Moreno-Espada filed, in addition to the motion to dismiss for speedy trial violation, several other motions from April 28 through May 5, 2008, the most significant of these being the Objection to Jury Selection Process (docket entry 668) filed two days before the May 7, 2008 trial. Although there is no reference to the statutory provision, this is in effect a motion to dismiss the indictment or stay proceedings against the defendant on the ground of substantial failure to comply with the requirements for the selection of the petit jury pursuant to 28 U.S.C. §1867. Mr. Moreno-Espada's objection to the jury selection process is based on the claim that in the District of Puerto Rico potential jurors who cannot understand the English language are automatically excluded from the jury selection process and that "such procedure produces an unrepresentative jury contrary to the Constitution." This is a very brief motion which states that the Court has the resources "to provide for an alternative jury selection system which will not infringe upon defendant's right to trial by jury under the U.S. Constitution." This statement is followed by a request that the Court order "that the jury selection process guarantee a representative jury by allowing non-English speakers to be part of the jury and . . . that the trial be properly translated to those jurors who cannot speak the English language or provide any alternative remedy which would guarantee the defendant's rights." The motion disregards the procedure for challenging compliance with jury selection although 18 U.S.C. §1867(e) provides that "[t]he procedures prescribed by this section shall be the exclusive means by which a person accused by a Federal crime ... may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title." Specifically, section 1867(b) refers to a motion under subsection (a) supported by a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions for selecting the petite jury and subsection (f) refers to records or papers used by the jury commissioner or clerk in connection with the jury selection process which are subject to disclosure, inspection, reproduction and copying at all reasonable times during the preparation or presentation and pendency of a motion to dismiss under subsection (a) of section 1867. One thing is clear: defendant Moreno-Espada cannot challenge the jury selection process without having previously engaged in the disclosure, examination and presentation of records relevant to the jury selection process in this District that may lend support to such challenge and which would be contained in the sworn statement of facts referred to in section 1867(d). Although other relevant evidence such as the testimony of the jury commissioner or clerk, in addition to relevant records and papers, may be presented in support of such motion, defendant Moreno-Espada has not even taken the first step to comply with the procedures necessary to challenge the jury selection process in the District of Puerto Rico.

CRIMINAL 05-0383CCC                                  5

      Given this situation, either he acknowledges the need to obtain the records and evidence relevant to his challenge to the jury selection process, a challenge that would require compilation of records or other relevant evidence during the weeks to come, or he withdraws his "objection" to the jury selection process and proceeds to trial immediately after the Court accepts or rejects the change of plea motions of the three co-defendants filed on April 29 and May 4, 2008. But defendant cannot have it both ways, that is, he cannot seriously object to the continuance of the May 7, 2008 trial setting requested by the United States (docket entry 653) and at the same time expect the Court to consider its challenge to the jury selection process without a supporting affidavit, records and papers used by the Clerk in connection with the jury selection process or other relevant evidence that may be available to defendant.

      Accordingly, attorney Alexander Zeno shall meet with movant Joel Moreno-Espada no later than MAY 15, 2008 and by MAY 19, 2008 he will inform the Court if defendant Moreno-Espada withdraws his challenge to the selection of the jury process filed on May 5, 2008 (docket entry 668) or, if instead, he will make such challenge in compliance with the procedures prescribed by 28 U.S.C. §1867. The Court will withhold the rescheduling of the trial date until it receives Mr. Moreno-Espada's response on May 19, 2008.

      The Court has considered the excludable delays prompted by the pretrial motions filed by the 16 defendants since the commencement of this case upon the issuance of an indictment on November 9, 2005, has examined the filings made by movant Moreno-Espada as well as the period during which he was represented by attorney Héctor Deliz during which this counsel was unable to interview him due to defendant's insistence that Mr. Zeno represent him despite the immediate impossibility that such representation be continued given the three-month suspension of Mr. Zeno commencing on June 4, 2007 and his having been barred from the CJA Panel until September 2008, has further considered the severance of this and other defendants from the one defendant who is currently involved in a mental competency proceeding, as well as the recusal motions and mandamus proceeding seeking the disqualification of the undersigned, and the challenge to the representativeness of the jury in this District filed two days before the last trial setting as well as this Order requiring either compliance with 18 U.S.C. §1867 procedures or withdrawal of such motion.

      The Court finds that there was no violation of the Speedy Trial Act since defendant Moreno's motions and that of other defendants resulted in excludable time that stops the Speedy Trial Act clock for all co-defendants charged in this case with two conspiracies involving weapons, drugs and a substantive weapons count.

CRIMINAL 05-0383CCC                         6

Regarding movant's Sixth Amendment claim under the Barker analysis, Barker v. Wingo, 92 S.Ct. 2182 (1972), relevant to the first factor, length of delay, is the fact that this case involves two serious drug and weapons conspiracies plus a weapons count for use, carrying and possession of firearms set forth in a thirteen-page indictment filed against sixteen defendants.  The second factor–reasons for the delay–are attributable to movant's several requests for extensions of time to conclude plea negotiations with the government, the motions for changes of pleas filed by thirteen defendants, motions for suppression and discovery issues filed by others, his joinder on docket entry 431,and the fact that he had three attorneys.  His second attorney was disciplined and suspended from practicing in this District for three months, yet defendant reiterated that substitute counsel Deliz was not his attorney, insisting on Zeno's representation and refusing Deliz' legal assistance.  This reached a point in which movant, pro se, requested on June 11, 2007 (docket entry 438) that the trial not be scheduled until Mr. Zeno resumed his representation once his suspension ended in September 2007.  Mr. Zeno did not actually seek reinstatement as his counsel until November 21, 2007 although his suspension ceased two months before.  We conclude that various delays were caused by defendant Moreno's own motions or actions, including his decision not to be represented by attorney Deliz and to wait until Zeno filed an appearance after his suspension ceased.  This delay alone lasted five and a half months.

Regarding the third factor, assertion of the speedy trial right, the Court notes that movant did not raise his speedy trial claim for the first time until November 26, 2007, five days after Mr. Zeno appeared as his counsel for the second time.  Movant disregards the fact that for five and a half months before that his CJA attorney at the time, Héctor Deliz, was unable to interview him because defendant refused.  During that five-and-a-half-month period, defendant was not preparing nor could he prepare for trial because he chose to wait out Mr. Zeno's suspension and his second appearance.  After such appearance, it was on the Court's initiative, not movant's, that he and other defendants were severed from the defendant undergoing a mental competency evaluation.

Movant's second Motion to Dismiss on Grounds of Speedy Trial violations was filed simultaneously with a challenge to the petit jury selection and composition claiming it is non-representative.  This motion, by itself, requires a process of compilation of records from the Clerk's Office as well as other evidence that must be completed to allow for its filing, at least before commencement of the voir dire.  The net result should this challenge go forward is a delay and a continuance of trial motivated again by defendant's own actions.  Finally, there is no evidence of impairment of movant's ability to prepare a defense.

For the reasons stated, defendant's Second Motion to Dismiss on Speedy Trial Grounds filed on April 29, 2008 (**docket entry 659**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on May 8, 2008.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge